IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                     21-CR-15

NICHOLAS TURNQUIST,

                  Defendant.

---

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION COMPELLING DISCLOSURE

The United States of America, through its undersigned attorneys, hereby submits this response in opposition to Defendant's Motion to Compel Disclosure (the "Motion") (Dkt. 34) and the memorandum filed in support thereof (the "Memorandum") (Dkt. 34-1). The defendant's Motion should be denied for a number of reasons, as set forth below.

## BACKGROUND

On November 2, 2020, this Court signed a complaint charging defendant with violating 18 U.S.C. § 2423(a) (transportation of a minor with intent to engage in criminal sexual activity). As set forth in the affidavit of FBI Special Agent Randall E. Garver filed in support of the complaint, the defendant is believed to have sexually abused and repeatedly raped his minor stepdaughter, identified as Victim 1, over a period of years, beginning when Victim 1 was approximately 12 years old. The affidavit further alleged that the defendant took Victim 1 on a number of out-of-state trips for the purpose of sexually abusing her. This included trips to Splash Lagoon in Erie, Pennsylvania, Great Wolf Lodge in Canada, an

aquarium in Baltimore, Maryland, Disney World in Orlando, Florida, and a water park in Sandusky, Ohio.

On November 6, 2020, an initial appearance was held on the criminal complaint and Assistant Federal Public Defender Fonda Kubiak was appointed as counsel. The government moved for detention and noted that a presumption of detention applied. The defendant deferred on the question of detention pending resolution of the circumstances of his state custody. *See* Dkt. 4, Minute Entry from Nov. 6, 2020.

On December 22, 2020, the government produced discovery on a hard drive to defendant's counsel then counsel, Assistant Federal Public Defender Kubiak.

On February 3, 2021, a federal grand jury returned an Indictment charging defendant with one violation of 18 U.S.C. § 2423(a) (transportation of a minor with intent to engage in criminal sexual activity).

The defendant was arraigned on the Indictment on February 11, 2021. Assistant Federal Public Defender Kubiak was relieved as counsel and Robert Singer was appointed to represent defendant.

As noted in defendant's Memorandum, the discovery produced in December 2020 was turned over by Assistant Federal Public Defender Kubiak to current counsel, Mr. Singer, in February 2021.

In August 2021, Mr. Singer contacted by telephone the undersigned Assistant United States Attorney, to whom this case was transferred in March 2021 when the prior Assistant United States Attorney handling the case was sent overseas on military duty. During this telephone call, Mr. Singer expressed concerns about the completeness of the government's discovery production. Subsequently, the government made two additional discovery productions, one on August 24, 2021, and one on August 27, 2021.

## I. THE GOVERNMENT HAS COMPLIED WITH RULE 16 AND WILL CONTINUE TO DO SO.

The defendant moves for an order compelling discovery pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. The government generally responds to the defendant's request by stating that it has to date fully complied with Rule 16, will continue to do so, and that it declines to provide discovery beyond that which is required. In federal court, "pre-trial discovery in criminal cases is strictly circumscribed." *United States v. Nelson*, 606 F.Supp. 1378, 1379 (S.D.N.Y. 1985). "Although Rule 16(a) [of the Federal Rules of Criminal Procedure] provides a mechanism for liberal discovery, it was not intended to provide the defendant with access to the entirety of the government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974).

The government has provided extensive discovery to the defendant, starting with an initial production in December 2020 before the defendant was indicted, and continuing with additional recent productions. The government acknowledges its obligation to provide continuing Rule 16 discovery if and when it becomes known to the government. Under Rule 16(a)(1)(G), the government will provide expert witness information to the defendant in

3

accordance with the District Court's pre-trial order. Pursuant to Rule 12(b)(4), the government intends to use in its evidence-in-chief at trial all evidence that the defendant has been provided with or been made aware of.

Because the government has fully complied with its obligations in this case by providing substantial discovery and is aware of its ongoing discovery obligations, the defendant's motion should be denied.

## II. THE GOVERNMENT HAS COMPLIED WITH ITS BRADY OBLIGATIONS AND WILL CONTINUE TO DO SO.

The government acknowledges its affirmative continuing duty to provide a defendant with exculpatory evidence under the authority of *Brady*, and the government will produce *Giglio* material to the defendant in accordance with the schedule set by the District Court prior to trial and no later than when the government produces Jencks Act material in this case.

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The government has a general duty to disclose information whose exculpatory value is obvious, even when there has been no request. See *United States v. Agurs*, 427 U.S. 97, 107 (1976).

The government acknowledges its affirmative continuing duty to provide a defendant with exculpatory evidence under the authority of *Brady*. However, *Brady* does not create a constitutional right of pretrial discovery in a criminal proceeding, nor does it require the prosecution to reveal before trial the names of its witnesses. *Weatherford v. Bursey*, 429 U.S.

545, 559 (1977).  Furthermore, *Brady* "does not require the Government to do defense counsel's pretrial preparation, nor develop defense strategy, nor does it require the Government to point out the obvious."  *United States v. Larson*, 567 F. Supp. 500, 503 (S.D.N.Y. 1983), *aff'd*, 742 F.2d 1443 (2d Cir. 1984).  "The purpose of the *Brady* rule is not to provide a defendant with a complete disclosure of all evidence in the government's file which might conceivably assist him in the preparation of his defense, but to assure that he will not be denied access to exculpatory evidence known to the government but unknown to him." *United States v. Ruggiero*, 472 F.2d 599, 604 (2d Cir. 1973).

Evidence that is not exculpatory, but is relevant for the purposes of impeachment, must be produced to the defense, but need not be turned over until trial.  *See United States v. Nixon*, 418 U.S. 683, 701 (1974); *see also United States v. Mt. Pleasant*, 2007 WL 1267029, at *3-4 (W.D.N.Y. 2007).  The government will provide *Giglio* impeachment material in accordance with the schedule set by the District Court prior to trial and no later than when the government produces Jencks Act material in this case.

The government is mindful of its obligations pursuant to *Brady* and its progeny, and the government will provide materially exculpatory information, to the extent any exists or becomes known to the government, to the defendant sufficiently in advance of trial.  Thus, defendant's motion to compel should be denied.

### III.     MOTION FOR LEAVE TO MAKE OTHER MOTIONS

The defendant has further moved for leave to make further and additional motions. The defendant will be able to raise legal issues before trial to the extent the issues are not stale under Rule 12(b). However, the defendant asks for open-ended permission to make any additional motion he may later choose to make whenever he may choose to make it. As it stands, the defendant has already made his motions. The Court should deny the motion, without prejudice. *See* Fed. R. Crim. P. 12(b). The law does not permit a defendant to hold in reserve any argument he or she chooses, for whatever reason he or she chooses, until a time that he or she chooses.

To the extent that a defendant later establishes good cause, the United States will not oppose a request for the additional motion, if there is merit to the motion. Nevertheless, the Court should not excuse the defendant in advance of the requirement that he show good cause for making subsequent pretrial motions.

### GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, the government hereby requests reciprocal discovery. Specifically, the government requests that it be allowed to inspect and copy books, papers, documents, photographs, tangible objects, or copies of portions thereof which are within the possession, custody or control of the defendant in which the defendant intends to introduce as evidence-in-chief at the trial. Additionally, the government requests to inspect and copy any results or reports of physical or mental examinations and/or of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as

evidence-in-chief at the trial or which was prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness's testimony.

Pursuant to Fed. R. Evid. 807, the government also requests advance disclosure of any statement(s) the defendant proposes to utilize at a trial of this matter.

In the absence of any opposition by the defendant, it is respectfully requested that the relief sought, consistent with Fed. Rule of Crim. P. 16 and Fed. Rules of Evid. 807 be granted.

## CONCLUSION

The government respectfully requests that the defendant's Motion be denied.

DATED: Buffalo, New York, September 29, 2021.

                                  JAMES P. KENNEDY, JR.
                                  United States Attorney

BY:   s/ PAUL E. BONANNO
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5873
       Paul.Bonanno@usdoj.gov