IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     v.                                                                      21-CR-15-JLS-JMM

NICHOLAS TURNQUIST,

               Defendant.

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The Defendant filed a pretrial motion seeking a bill of particulars pursuant to Federal Rules of Criminal Procedure Rule 7(f). Doc. 91. The United States of America, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Maeve E. Huggins, Assistant United States Attorney, of counsel, hereby files this response to the Defendant's pretrial motion.

## PRELIMINARY STATEMENT

On November 6, 2020, the Defendant appeared before this Court for an initial appearance after being charged by way of complaint with knowingly transporting an individual who had not attained the age of 18 years, in interstate commerce with the intent that such individual engage in illegal sexual activity (Transportation of a Minor) in violation of Title 18, United States Code, Section 2423(a).

On February 3, 2021, a Grand Jury impaneled in the Western District of New York returned a one-count indictment against the Defendant, charging him with Transportation of

a Minor, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).  Doc. 9.  On March 8, 2022, a Grand Jury impaneled in the Western District of New York returned a superseding indictment against the Defendant, charging him with five counts of Transportation of a Minor, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).  Doc. 71.

Throughout the pretrial stage of these proceedings, the government provided the defendant with significant discovery, including responses to grand jury subpoenas, financial, travel, hotel, and rental car records, police reports, photographs, a jail call made by the Defendant, a controlled call between the victim and the Defendant as well as other evidence.  To date, the government has provided approximately 17,969 pages of discovery in addition to audio and video recordings to the defendant.

On April 15, 2022, the Defendant filed the instant motion for a bill of particulars (Doc. 91).  For the following reasons, this Court should deny the Defendant's motion for a bill of particulars in its entirety.

### DEFENDANT'S MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED FOR FAILURE TO MEET HIS BURDEN AND AS UNSUPPORTED

The Defendant's instant motion for a bill of particulars requests a variety of detailed information, including exact locations, such as the names of hotels, street addresses, and hotel room numbers, and the exact dates and times of the illegal sexual contact between the Defendant and the victim.  Doc. 91 ¶16.  The Defendant provides no legal authority justifying a request for such hyper-specific information where a defendant stands charged with

2

violations of Title 18, United States Code, Section 2423(a) and 2423(e).  In effect, Defendant's motion amounts to an inappropriate attempt to require the government to provide a preview of its trial evidence.  Furthermore, the Defendant's requests are unjustified given the simplicity of the charges, the detail provided in the Superseding Indictment, the original Indictment, and in the Criminal Complaint, and the voluminous, organized, and indexed discovery that the government already provided.

    a.    **This Court should Deny Defendant's Motion Because He Failed to Meet His Burden to Demonstrate Prejudicial Surprise or An Adverse Effect on His Rights**

"While it is within this Court's sound discretion to order the filing of a Bill of Particulars, the burden is upon defendant[] to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendant['s] rights."  *United States v. Anguiera*, No. 11-CR-116S, 2012 WL 1232096, at *2 (W.D.N.Y. Apr. 12, 2012) (citations omitted).  Plainly, the Defendant failed to satisfy his burden.  His motion contains only conclusory allegations that "the defense is unable to investigate and prepare defenses if it is surprised, later at trial, with allegations that involve sexual acts that are not within the hotel room(s) rented by [the Defendant].  If surprised at trial, it is possible that such surprise will necessitate mid-trial delays to investigate these claims."  Doc. 91 ¶ 12.  The conclusory nature of these allegations alone is a basis to deny the Defendant's motion.

    b.    **A Bill of Particulars Is Meant to Provide Notice, Not Discovery**

Defendant's motion also should be denied because it misapphrends the purpose of a bill of particulars.  A bill of particulars is intended to allow a defendant "to identify with

3

sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted).  In this regard, a bill of particulars is appropriate only where the information sought is *necessary*, and not merely helpful. *See United States v. Aliperti*, 867 F. Supp. 142, 148 (E.D.N.Y. 1994).  A bill of particulars is necessary only if it is "directed to curing defects in an *indictment*—that is, a bill of particulars clarifies the *charges* against the defendant." *United States v. Gotti*, 784 F. Supp. 1017, 1019 (E.D.N.Y. 1992) (italics in original).  No such defects are contained with the Superseding Indictment here.[1] *United States v. Monzon-Luna*, No. 11-CR-722 S-4 RRM, 2014 WL 223100, at *4 (E.D.N.Y. Jan. 21, 2014).

A bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case." *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (citing *United States v. Andrews*, 381 F.2d 377, 377–78 (2d Cir. 1967) (per curiam)); *United States v. Remy*, 658 F.Supp. 661, 670 (S.D.N.Y. 1987)). The government is not obligated to disclose either the manner in which it will attempt to prove the charges or the precise manner in which the Defendant committed the crimes charged.  *See id.*  Nor is a bill of particulars intended to serve as an all-purpose pretrial investigative tool for

---

[1] Notably, the Defendant did not move to dismiss the Superseding Indictment on facial sufficiency grounds.  Such motion would be meritless as the five counts contained within the Superseding Indictment track the statutory language of Title 18, United States Code, Section 2423(a), set forth the approximate date, time, and location of the conduct, and include the essential elements and core criminality of the charges.  Federal Rule of Criminal Procedure 7(c)(1); *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975)) ("[A]n Indictment need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."); *United States v. Broxmeyer*, 616 F.3d 120, 128 (2d Cir. 2010) (discussing elements of 18 U.S.C. § 2423(a)).

the defense. *See United States v. Sindone*, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002). Simply put, "the device of a bill of particulars was not created to help the defendant investigate the charges in the indictment." *Id*. It is inappropriate for a defendant to use Rule 7(f) as a mechanism to limit the government's evidence or flush out its prosecutorial theories in advance of trial. *See United States v. Weinberg*, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987) (overruled on other grounds); *see also United States v. Ianniello*, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985) ("To require most of the further disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars"). In short, courts generally "deny requests for bills of particulars concerning the 'wheres, when and with whoms' of the crime." *Monzon-Luna*, 2014 WL 223100, at *4.

Here, the Defendant's motion seeks information well beyond the intended purpose of a bill of particulars and instead improperly requests a preview of the government's case. He explicitly articulates this improper purpose to use this information as a pretrial investigative tool. *See, e.g.*, Doc. 91 ¶ 15 (defendant "seeks specific information regarding the allegations that will aid the defense in its own investigation into those possible witnesses"). For this reason, the Defendant's motion must be denied.

    **c.**    **No Bill of Particulars is Necessary Because the Charges are Simple, the Superseding Indictment Provides Sufficient Notice, and the Government Provided Ample Discovery**

In addition, no bill of particulars is necessary in this case because the defendant already has sufficient information regarding the charges against him. In passing on a motion for a bill of particulars, a court may such factors as: (1) the complexity of the charges, (2) the clarity

5

and level of detail in the Indictment, and (3) the degree of discovery available to the defendant. *United States v. Santiago*, 174 F.Supp.2d 16, 34 (S.D.N.Y. 2001) (citing *United States v. Shoher*, 555 F.Supp. 346, 349 (S.D.N.Y. 1983)). Each of these factors weighs in favor of denying the Defendant's request.

First, the charges against the Defendant are not complex, difficult to understand, or even particularly broad, such that a bill of particulars might be more appropriate. *See, e.g., United States v. Davidoff*, 845 F.2d 1151, 1154–55 (2d Cir. 1988) (noting that principles governing bills of particulars "must be applied with some care when the [g]overnment charges criminal offenses under statutes as broad as RICO"); *United States v. Garner*, 17-CR-49-LJV-MJR, 2017 WL 7661427, at *3-4 (W.D.N.Y. Nov. 30, 2017), *report and recommendation adopted*, No. 17-CR-49-V, 2018 WL 827146 (W.D.N.Y. Feb. 12, 2018) (denying motion for bill of particulars for conspiracy charge that "spanned only six months and does not appear to have been particularly complex"). This Defendant is charged with conduct occurring over a matter of days to a single victim and a discrete set of events.

Second, the Superseding Indictment is a straightforward charging instrument that contains sufficient detail. The Superseding Indictment specifies the particulars for each of the alleged offenses, including the elements of the offenses charged, the manner and methods used to commit the violations, the approximate dates on which the charged conduct took place, and the statutory citations for the violations. Again, the Defendant notes no deficiencies in the Superseding Indictment.

Even if a bill of particulars were an appropriate mechanism for the requested information, the request should still be denied "if the information sought by the defendant is provided in the indictment or in some acceptable alternate form." *United States v. Mingle*, 03-CR-54E, 2004 WL 1746936, at *2 (W.D.N.Y. July 28, 2004) (citing *Bortnovsky*, 820 F.2d at 574) (internal quotations omitted); *see also United States v. Ojeda*, 412 Fed. Appx. 410, 411 (2d Cir. 2011) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means") (citation omitted). If there has been full disclosure by the government, as there has been in the instant case, the need for a bill of particulars is obviated. *See Santiago*, 174 F.Supp.2d at 35-36 (holding that a court should also consider the availability of other sources of information to the defendant, including the discovery provided, when determining whether a bill of particulars should be issued); *United States v. Chalmers*, 410 F.Supp.2d 278, 286 (S.D.N.Y. 2006) ("[T]he Government has provided extensive discovery, minimizing the need for a bill of particulars ...."); *United States v. Kemp*, No. CRIM.A.04 370, 2004 WL 2757867, at *8 (E.D. Pa. Dec. 2, 2004) (collecting cases) ("Courts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pretrial discovery"); *United States v. Cowan*, No. 3:09 CR 37 KSF, 2009 WL 2613950, at *6 (E.D. Tenn. Aug. 24, 2009) (denying the defendant's request for a bill of particulars on the basis that the government turned over substantial discovery on a disk that facilitated review of information thereby obviating need for bill of particulars). The need for a bill of particulars is further undermined where an index and/or computer search modalities are provided that facilitate the review of even voluminous discovery. *United States v. Ferguson*, 478 F.Supp.2d 220, 227 (D. Conn. 2007) ("Given the degree of detail in the indictment and the government's

provision of searchable discovery databases and a list of its key documents, the defendants have not proven that they require more particularization to adequately prepare their defenses, avoid prejudicial surprise at trial, and protect against future double jeopardy."); *see also United States v. Kahale*, 789 F.Supp.2d 359, 375-77 (E.D.N.Y. 2009) (denying request for bill of particulars where government provided an index for its discovery).

Even if the Defendant's request for a bill of particulars were justified—and it is not—much of the requested information is contained in the Criminal Complaint that preceded the Indictment and Superseding Indictment in this case or in the extensive discovery already provided by the government. The Criminal Complaint is supported by a detailed affidavit that describes the conduct charged in the Superseding Indictment and frames the parameters of the government's case. The government has also provided substantial discovery under Rule 16, all of which was provided in an organized and searchable manner. This included financial, travel, hotel, car rental records and other documentary evidence as well as a controlled call, a jail call by the Defendant, photographs, search warrant returns for the Defendant's cellular phones, discovery provided in various state court prosecutions relating to similar offenses, police reports, among other evidence. To date, the government has provided approximately 17,969 pages of discovery in addition to audio and video recordings to the defendant.

Moreover, the Defendant acknowledges his awareness of the victim's identity and the ample discovery already provided by the government. *See* Doc. 91 ¶¶ 3, 4, 5, 8. Taken together, the Criminal Complaint, Indictment, Superseding Indictment, and discovery

produced by the government in this matter have provided the Defendant with ample notice of the crimes with which he is charged. When the Superseding Indictment is considered in conjunction with the significant voluntary disclosure already made available by the government, there cannot be any mistake, confusion, or surprise as to the acts alleged to constitute the offenses alleged. *See Monzon-Luna*, 2014 WL 223100, at *4-5 (denying motion for bill of particulars); *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means); *United States v. Ojeikere*, 299 F. Supp. 2d 254, 261 (S.D.N.Y. 2004) (denying motion for a bill of particulars based on information contained in a superseding indictment, in a detailed criminal complaint, and in discovery material).

### d. Courts Often Deny Requests for a Bill of Particulars in Similar Child Sexual Abuse and Exploitation Cases

In child sexual abuse and exploitation cases, such as this, courts for good reason often deny defendants' requests for a bill of particulars. In *United States v. Young*, the district court noted the compelling justification to allow child sexual abuse cases to proceed where the indictments state dates, times, and places in approximate terms:

> In cases of continuing sexual abuse, it is sufficient for the indictment to specify a period of time-rather than a specific date-in which defendant committed the acts at issue ... especially where ... the complaining victim is a child. Because minors often are not capable of remembering the exact dates when the alleged acts occurred, fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements.

*United States v. Young*, No. 08-CR-285 (KMK), 2008 WL 4178190, at *2 (S.D.N.Y. Sept. 4, 2008) (internal quotations and citations omitted). The *Young* court also noted that a

defendant's desire to assert an alibi defense "does not affect the Government's latitude to employ broad date ranges within the Indictment":

> Defendant's desire to offer an alibi defense does not alter the pleading obligations of the Government. A rule to the contrary would essentially do away with the aforementioned law-the mere invocation of the alibi defense would require heightened specificity, and thus inhibit prosecutions based on generalized date ranges. The rule advocated by Defendant would have a particularly harmful effect on cases involving the sexual assault of minors.

2008 WL 4178190 at *4.

Unsurprisingly, courts, including in this district, have rejected similar requests, particularly in cases charging violation of Title 18, United States Code, Section 2423(a). *See, e.g.*, *United States v. Vogelbacher*, No. 120CR00098LJVMJR, 2021 WL 1017126, at *6–7 (W.D.N.Y. Feb. 2, 2021), *report and recommendation adopted*, No. 20-CR-98-V, 2021 WL 978848 (W.D.N.Y. Mar. 15, 2021); *United States v. Kevin L. Donaldson*, 09-CR-321A, ECF No. 41, p. 4, *Decision and Order of Magistrate Judge H. Kenneth Schroeder, Jr.* (W.D.N.Y May 17, 2011) (denying defendant's request for particularization of date, time, and locations and only ordering particularization of the state criminal offenses for which the defendant could have been charged); *United States v. Pierre-Louis*, No. 16 CR 541 (CM), 2018 WL 4043140, at *7 (S.D.N.Y. Aug. 9, 2018); *Monzon-Luna*, 2014 WL 223100, at *4-5 (denying motion for bill of particulars); *Young*, 2008 WL 4178190, at *1 (denying defendant's request for "a list of all the relevant "dates, times and places" relating to the charges against Defendant; the ages of the known victims; and the names and addresses of any known witnesses to the conduct in question" so that he might offer an alibi defense); *United States v. Boyajian*, No. CR 09-933 A-CAS, 2014 WL 6750230, at *7-11 (C.D. Cal. Nov. 26, 2014).

In sum, no bill of particulars is necessary given the nature of the charges, the Superseding Indictment and the discovery material are more than sufficient to advise the defendant of the specific acts of which he is accused such that he can prepare for trial, avoid surprise, and interpose a plea of double jeopardy if warranted. Accordingly, the Defendant's motion for a bill of particulars should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny the Defendant's motion for a bill of particulars in its entirety.

DATED:   Buffalo, New York, April 27, 2022.

> TRINI E. ROSS
> United States Attorney
>
> BY:   s/MAEVE E. HUGGINS
> Assistant United States Attorney
> United States Attorney's Office
> Western District of New York
> 138 Delaware Avenue
> Buffalo, New York 14202
> (716) 843-5872
> Maeve.Huggins@usdoj.gov