IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

    v.          21-CR-15-JLS-JMM

NICHOLAS TURNQUIST,

       Defendant.
_____

## OBJECTIONS OF THE UNITED STATES TO
## THE MAY 3, 2022 DECISION AND ORDER

The United States of America, by and through its attorneys, Trini E. Ross, United

States Attorney for the Western District of New York, and Maeve E. Huggins, Assistant

United States Attorney, of counsel, hereby objects to and files its appeal pursuant to Fed. R.

Crim. P. 59(a) and 28 U.S.C. §636(b)(1)(A) of the May 3, 2022 Decision and Order of United

States Magistrate Judge Jeremiah J. McCarthy that orders the government to provide a bill of

particulars.


## PRELIMINARY STATEMENT

On November 6, 2020, the defendant appeared before the magistrate judge for an

initial appearance after being charged by way of Criminal Complaint with knowingly

transporting an individual who had not attained the age of 18 years, in interstate commerce

with the intent that such individual engage in illegal sexual activity (Transportation of a

Minor) in violation of Title 18, United States Code, Section 2423(a).  Federal Bureau of

Investigation Special Agent Randall Garver provided a sworn affidavit in support of the

Criminal Complaint.  The ten-page affidavit detailed aspects of the investigation into child

sexual abuse allegations against the defendant by various local and federal law enforcement, certain evidence recovered pursuant to search warrants and subpoenas, interviews with witnesses, and statements made by the defendant. The affidavit also described that the defendant transported the victim to Splash Lagoon in Erie, Pennsylvania as well as on several other out-of-state trips to Great Wolf Lodge in Canada, an aquarium in Baltimore, Maryland, and Disney World in Orlando, Florida, among other places. *See generally* Doc. 1.

On February 3, 2021, a federal Grand Jury impaneled in the Western District of New York returned a one-count Indictment against the defendant, charging him with Transportation of a Minor, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e) for a December 23, 2014, Pennsylvania trip. Doc. 9. Following the defendant's arraignment on the Indictment, the government produced voluminous discovery, including evidence referenced in the Criminal Complaint affidavit as well as bank, hotel, and other records substantiating the dates and locations of other trips. The discovery totaled approximately 17,789 pages and included audio and video recordings. The productions were organized, Bates numbered, and indexed.

On March 8, 2022, a Grand Jury impaneled in the Western District of New York returned a superseding indictment against the defendant, charging him with five counts of Transportation of a Minor, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e), for an April 26, 2014 Maryland trip, a September 5, 2014 trip to Niagara Falls, Canada, a December 23, 2014 Pennsylvania trip, a July 16, 2015 Pennsylvania trip, and a September 19, 2015 Florida trip. Doc. 71. Many of these charged trips were discussed in

Special Agent Garver's affidavit supporting the Criminal Complaint.  *See* Doc. 1.  The previous discovery production also contained records, photographs, and other evidence regarding such trips.  The government produced an additional 179 pages of organized, Bates numbered, and indexed discovery prior to the defendant's arraignment on March 17, 2022.

On April 15, 2022, the defendant moved for a bill of particulars.  Doc. 91.  He requested a variety of detailed information, including exact locations, such as the names of hotels, street addresses, and hotel room numbers, and the exact dates and times of the illegal sexual contact between the Defendant and the victim.  Doc. 91 ¶16.  The government opposed the defendant's motion.  Doc. 94.  The defendant did not file a reply and the magistrate judge rendered a decision without oral argument.  In a Decision and Order, dated May 3, 2022 (Doc. 98), Magistrate Judge Jeremiah J. McCarthy granted in part and denied in part the defendant's motion.  Specifically, Magistrate Judge McCarthy ordered that the government provide a bill of particulars:

> After careful consideration, I conclude that in order for Turnquist to be able to conduct a meaningful investigation into the allegations against him and to avoid surprise at trial, he should be provided to the extent possible, with the particular locations where the alleged incidents of sexual abuse/intercourse occurred on each trip, including the location of the Walmart that is the subject of the allegations in Count 5.

Doc. 98 at 7.  The magistrate court otherwise denied the defendant's remaining requests for particularization.  *Id.*  However, Magistrate Judge McCarthy *sua sponte* ordered additional relief – beyond what was requested by the defendant in his moving papers – in a footnote:

> As *Young* recognized, "minors often are not capable of remembering" certain details, including exact dates, 2088 WL 4178190 at *2.  If that is the case here with respect to the particularization I have ordered, the government should so state when it provides its particularization.

*Id.* at FN. 5.

For the following reasons, Magistrate Judge McCarthy's May 3, 2022 Decision and Order is contrary to law and/or is clearly erroneous and this Court should deny the defendant's request for a bill of particulars.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any pretrial matter under this [section] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Federal Rule of Criminal Procedure 59(a) provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order . . .The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir.2006) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## ARGUMENT

The magistrate judge clearly erred in ordering a bill of particulars and in requiring the government to state when the victim was unable to remember certain details. There is no justification for further particularization of the straight-forward Title 18, United States Code, Section 2423(a) and 2423(e) charges in the Superseding Indictment. If left undisturbed, the

magistrate judge's decision will require the government to provide an extraordinary level of evidentiary detail – well beyond that supported by the law – that amounts to a preview of how the government intends to prove its case and limits evidence that the government can present prior to trial, particularly as to the victim's testimony or recollection.  *See United States v. Bellomo*, 263 F. Supp. 2d 561, 580 (S.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret evidence for the defendant, or disclose its legal theory."); *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (citing *United States v. Andrews*, 381 F.2d 377, 377–78 (2d Cir. 1967) (per curiam)); *United States v. Remy*, 658 F.Supp. 661, 670 (S.D.N.Y. 1987)).  Therefore, this Court should grant the government's appeal and vacate the order that the government provide a bill of particulars.

## I.    The Legal Standard for a Bill of Particulars

Federal Rule of Criminal Procedure 7(f) authorizes a court to direct a bill of particulars only in certain limited circumstances.  A bill of particulars is intended to allow a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy[1] should he be prosecuted a second time for the same offense."  *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted).  In this regard, a bill of particulars is appropriate only where the information sought is *necessary*, and not merely

---

[1] The "double jeopardy" justification for requiring particularization appears to have limited vitality in this Circuit given judicial recognition that the factor "does not 'add anything to the functions previously described.'"  *United States v. Payden*, 613 F. Supp. 800, 816 n.14 (S.D.N.Y.), aff'd, 768 F.2d 487 (2d Cir. 1985) (quoting 1 C. Wright, Federal Practice and Procedure (Criminal) § 129, at 436-37 (2d Ed. 1982)).

helpful.  *See United States v. Aliperti*, 867 F. Supp. 142, 148 (E.D.N.Y. 1994).   A bill of

particulars is necessary only if it is "directed to curing defects[2] in an *indictment*—that is, a bill

of particulars clarifies the *charges* against the defendant."  *United States v. Gotti*, 784 F. Supp.

1017, 1019 (E.D.N.Y. 1992) (italics in original); *United States v. Monzon-Luna*, No. 11-CR-722

S-4 RRM, 2014 WL 223100, at *4 (E.D.N.Y. Jan. 21, 2014).


II.     **The Magistrate Judge's Decision and Order granting in part the Defendant's
        Motion for a Bill of Particulars was Clearly Erroneous and/or Contrary to Law.**

        The May 3, 2022 Decision and Order ordering the government to provide a bill of

particulars and state where the victim does not recall certain details is clear error and/or

contrary to the law.  The defendant failed to meet his burden.  Moreover, under the relevant

law, a bill of particulars is unnecessary given the nature of the charges, the Superseding

Indictment, and the discovery material already produced.  Accordingly, this Court should

find that the magistrate judge committed clear error by ordering the government to provide a

bill of particulars, vacate the order, and deny the defendant's request for a bill of particulars

for the following reasons.

---

[2] Notably, the defendant did not move to dismiss the Superseding Indictment on facial sufficiency grounds.  Such motion would have been meritless as the five counts contained within the Superseding Indictment track the statutory language of Title 18, United States Code, Section 2423(a), set forth the approximate date, time, and location of the conduct, and include the essential elements and core criminality of the charges.  Fed. R. Crim. P. 7(c)(1); *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975)) ("[A]n Indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."); *United States v. Broxmeyer*, 616 F.3d 120, 128 (2d Cir. 2010) (discussing the elements of 18 U.S.C. § 2423(a)).  Nor did the magistrate judge note any such defects are contained within the Superseding Indictment here.

a.      **The Defendant Failed to Meet His Burden to Demonstrate Prejudicial Surprise or an Adverse Effect on His Rights.**

"While it is within this Court's sound discretion to order the filing of a Bill of Particulars, the burden is upon defendant[] to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendant['s] rights." *United States v. Anguiera*, No. 11-CR-116S, 2012 WL 1232096, at *2 (W.D.N.Y. Apr. 12, 2012) (citations omitted). Plainly, the Defendant failed to satisfy his burden in moving for a bill of particulars. His motion contained only conclusory allegations that "the defense is unable to investigate and prepare defenses if it is surprised, later at trial, with allegations that involve sexual acts that are not within the hotel room(s) rented by [the Defendant]. If surprised at trial, it is possible that such surprise will necessitate mid-trial delays to investigate these claims." (Doc. 91 ¶ 12.) The conclusory nature of these allegations alone provided sufficient basis to deny the defendant's motion. Moreover, the record belies these claims, especially given the voluminous discovery already provided to the defendant.

b.      **A Bill of Particulars is Not a Discovery Tool.**

A bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case." *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (citing *United States v. Andrews*, 381 F.2d 377, 377–78 (2d Cir. 1967) (per curiam)); *United States v. Remy*, 658 F.Supp. 661, 670 (S.D.N.Y. 1987)). The government is not obligated to disclose either the manner in which it will attempt to prove the charges or the precise manner in which the Defendant committed the crimes charged. *See id.* Nor is a bill of particulars intended to serve as an all-purpose pretrial investigative tool for the defense. *See United States v. Sindone*, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002).

7

Simply put, "the device of a bill of particulars was not created to help the defendant investigate the charges in the indictment." *Id*.

It is inappropriate for a defendant to use Rule 7(f) as a mechanism to limit the government's evidence or flush out its prosecutorial theories in advance of trial. *See United States v. Weinberg*, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987) (overruled on other grounds); *see also United States v. Ianniello*, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985) ("To require most of the further disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars"). In short, courts generally "deny requests for bills of particulars concerning the 'wheres, when and with whoms' of the crime." *Monzon-Luna*, 2014 WL 223100, at *4.

Here, the defendant's motion sought information well beyond the intended purpose of a bill of particulars and instead improperly requested a preview of the government's case. He explicitly articulated this improper purpose to use this information as a pretrial investigative tool. *See, e.g.*, Doc. 91 ¶ 15 (defendant "seeks specific information regarding the allegations that will aid the defense in its own investigation into those possible witnesses"). The magistrate judge's Decision and Order specifically relied on this improper purpose when granting the defendant relief. Doc. 98 at 7 ("I conclude that in order for Turnquist to be able to conduct a meaningful investigation into the allegations against him"). Such order is clearly erroneous and/or contrary to law when considered in light of Rule 7's intended purpose. Likewise, requiring the government to state when the victim – the central witness in this case – does not recall certain details only acts to limit the government's evidence at trial, not

prevent surprise at trial.  *See Weinberg*, 656 F. Supp. at 1029; *see also Ianniello*, 621 F. Supp. at 1478.

       **c.**      **Ordering a Bill of Particulars in this Case is Clearly Erroneous and/or Contrary to Law Because the Charges are Simple, the Superseding Indictment Provides Sufficient Notice, and the Government Provided Ample, Organized, and Indexed Discovery.**

When considering a motion for a bill of particulars, a court may look to such factors as: (1) the complexity of the charges, (2) the clarity and level of detail in the Indictment, and (3) the degree of discovery available to the defendant.  *United States v. Santiago*, 174 F.Supp.2d 16, 34 (S.D.N.Y. 2001) (citing *United States v. Shoher*, 555 F.Supp. 346, 349 (S.D.N.Y. 1983)). Here, each of those factors weigh in favor of denying a bill of particulars entirely.  Simply put, the magistrate judge's Decision and Order is unjustified.   The defendant has ample information to investigate and avoid any surprise at trial because of the simplicity of the charges, the detail provided in the Superseding Indictment, the original Indictment, and in the Criminal Complaint and supporting affidavit combined with the voluminous, organized, and indexed discovery that the government produced.

Charged only with violations of Title 18, United States Code, Sections 2423(a) and 2423(e), the defendant does not face complex, difficult to understand, or even particularly broad charges to justify ordering a bill of particulars.  *See, e.g.*, *United States v. Davidoff*, 845 F.2d 1151, 1154–55 (2d Cir. 1988) (noting that principles governing bills of particulars "must be applied with some care when the [g]overnment charges criminal offenses under statutes as broad as RICO"); *United States v. Garner*, 17-CR-49-LJV-MJR, 2017 WL 7661427, at *3-4 (W.D.N.Y. Nov. 30, 2017), *report and recommendation adopted*, No. 17-CR-49-V, 2018 WL

827146 (W.D.N.Y. Feb. 12, 2018) (denying motion for bill of particulars for conspiracy charge that "spanned only six months and does not appear to have been particularly complex"). Here, the specific charged conduct occurred over a matter of days to a single victim and involved a discrete set of events.

Moreover, the magistrate court's order is illogical when considering the charge of Title 18, United States Code, Sections 2423(a) and 2423(e). Transportation of a minor does not require proof regarding the locations where the sexual abuse/intercourse occurred. Indeed, the government must only prove beyond a reasonable doubt that the defendant: "(1) knowingly transported a minor across state lines, (2) with the intent to engage in sexual activity with the minor, and (3) that the minor was under eighteen at the time of the offense." *Broxmeyer*, 616 F.3d at 128 (discussing the elements of 18 U.S.C. § 2423(a)). Because no proof of where the sexual abuse/intercourse occurred is required at trial, it cannot be reasonably said that such information is necessary for the defendant to avoid surprise at trial.

Further, courts will still deny a bill of particulars "if the information sought by the defendant is provided in the indictment or in some acceptable alternate form." *United States v. Mingle*, 03-CR-54E, 2004 WL 1746936, at *2 (W.D.N.Y. July 28, 2004) (citing *Bortnovsky*, 820 F.2d at 574) (internal quotations omitted); *see also United States v. Ojeda*, 412 Fed. Appx. 410, 411 (2d Cir. 2011) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means") (citation omitted). In this regard, the Superseding Indictment is a straightforward charging instrument that contains sufficient detail. The Superseding Indictment specifies the particulars for each

of the alleged offenses, including the elements of the offenses charged, the manner and methods used to commit the violations, the approximate dates on which the charged conduct took place, and the statutory citations for the violations.   Notably, the magistrate judge identified no defects in the Superseding Indictment.

Likewise, the government provided ample discovery, undermining any need for a bill of particulars.  *See Santiago*, 174 F.Supp.2d at 35-36 (holding that a court should also consider the availability of other sources of information to the defendant, including the discovery provided, when determining whether a bill of particulars should be issued); *United States v. Chalmers*, 410 F.Supp.2d 278, 286 (S.D.N.Y. 2006) ("[T]he Government has provided extensive discovery, minimizing the need for a bill of particulars ...."); *United States v. Kemp*, No. CRIM.A.04 370, 2004 WL 2757867, at *8 (E.D. Pa. Dec. 2, 2004) (collecting cases) ("Courts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pretrial discovery"); *United States v. Cowan*, No. 3:09 CR 37 KSF, 2009 WL 2613950, at *6 (E.D. Tenn. Aug. 24, 2009) (denying the defendant's request for a bill of particulars on the basis that the government turned over substantial discovery on a disk that facilitated review of information thereby obviating need for bill of particulars).  The need for a bill of particulars is further diluted where an index and/or computer search modalities are provided that facilitate the review of even voluminous discovery.  *United States v. Ferguson*, 478 F.Supp.2d 220, 227 (D. Conn. 2007) ("Given the degree of detail in the indictment and the government's provision of searchable discovery databases and a list of its key documents, the defendants have not proven that they require more particularization to adequately prepare their defenses, avoid prejudicial surprise at trial,

11

and protect against future double jeopardy."); *see also United States v. Kahale*, 789 F.Supp.2d 359, 375-77 (E.D.N.Y. 2009) (denying request for bill of particulars where government provided an index for its discovery).

Even if the Defendant's request for a bill of particulars were justified—and it is not—much of the requested information is contained in the affidavit submitted in support of the Criminal Complaint that preceded the Indictment and Superseding Indictment in this case or in the extensive discovery already provided by the government. The Criminal Complaint is supported by a detailed ten-page affidavit that describes the conduct charged in the Superseding Indictment and frames the parameters of the government's case. The government has also provided substantial discovery under Rule 16, all of which was provided in an organized and indexed manner. This included financial, travel, hotel, car rental records, and other documentary evidence as well as a controlled call, a jail call by the defendant, photographs, search warrant returns for the defendant's cellular phones, discovery provided in various state court prosecutions relating to similar offenses, and police reports, among other evidence. To date, the government has provided approximately 17,969 pages of discovery in addition to audio and video recordings to the defendant.

On April 29, 2022, defense inquired specifically regarding the location relating to the April 2014 Maryland trip and the specific Walmart relating to the September 2015 Florida trip. On May 12, 2022, the undersigned responded via email by directing counsel to specific Bates stamped bank records already produced by the government that detail specific charges

identifying locations.  At no time prior to this inquiry did counsel request information.  Nor did counsel respond to the undersigned's email.

In addition to the discovery, the defendant acknowledged his awareness of the victim's identity and the extensive discovery already provided.  *See* Doc. 91 ¶¶ 3, 4, 5, 8.  Taken together, the Criminal Complaint, Indictment, Superseding Indictment, and discovery produced by the government in this matter have provided the defendant with ample notice of the crimes with which he is charged.  When the Superseding Indictment is considered in conjunction with the significant voluntary disclosures already made available by the government, there cannot be any mistake, confusion, or surprise as to the acts alleged to constitute the offenses alleged.  *See Monzon-Luna*, 2014 WL 223100, at *4-5 (denying motion for bill of particulars); *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means); *United States v. Ojeikere*, 299 F. Supp. 2d 254, 261 (S.D.N.Y. 2004) (denying motion for a bill of particulars based on information contained in a superseding indictment, in a detailed criminal complaint, and in discovery material).

### d.  Courts Often Deny Requests for a Bill of Particulars in Similar Child Sexual Abuse and Exploitation Cases.

In child sexual abuse and exploitation cases, such as this, courts for good reason often deny defendants' requests for a bill of particulars.  The magistrate judge's order, however, stands in stark contrast.  By ordering a bill of particulars and the government to state where the victim cannot recall certain details, Magistrate Judge McCarthy's Decision and Order is clearly erroneous and/or contrary to the law.

13

Child sexual abuse cases present unique reasons to deny a bill of particulars.  In *United States v. Young*, the district court denied the defendant a bill of particulars and noted the compelling justification to allow child sexual abuse cases to proceed where the indictments state dates, times, and places in approximate terms:

> In cases of continuing sexual abuse, it is sufficient for the indictment to specify a period of time-rather than a specific date-in which defendant committed the acts at issue ... especially where ... the complaining victim is a child.  Because minors often are not capable of remembering the exact dates when the alleged acts occurred, fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements.

*United States v. Young*, No. 08-CR-285 (KMK), 2008 WL 4178190, at *2 (S.D.N.Y. Sept. 4, 2008) (internal quotations and citations omitted).  The *Young* court also noted that a defendant's desire to assert an alibi defense "does not affect the Government's latitude to employ broad date ranges within the Indictment":

> Defendant's desire to offer an alibi defense does not alter the pleading obligations of the Government.  A rule to the contrary would essentially do away with the aforementioned law-the mere invocation of the alibi defense would require heightened specificity, and thus inhibit prosecutions based on generalized date ranges.  The rule advocated by Defendant would have a particularly harmful effect on cases involving the sexual assault of minors.

2008 WL 4178190 at *4.

Unsurprisingly, courts, including in this district, have rejected similar bill of particulars requests, especially in cases charging violation of Title 18, United States Code, Section 2423(a).  *See, e.g.*, *United States v. Vogelbacher*, No. 120CR00098LJVMJR, 2021 WL 1017126, at *6–7 (W.D.N.Y. Feb. 2, 2021), *report and recommendation adopted*, No. 20-CR-98-V, 2021 WL 978848 (W.D.N.Y. Mar. 15, 2021); *United States v. Kevin L. Donaldson*, 09-CR-321A, ECF No. 41, p. 4, *Decision and Order of Magistrate Judge H. Kenneth Schroeder, Jr.* (W.D.N.Y May 17,

14

2011) (denying defendant's request for particularization of date, time, and locations and only ordering particularization of the state criminal offenses for which the defendant could have been charged); *United States v. Pierre-Louis*, No. 16 CR 541 (CM), 2018 WL 4043140, at *7 (S.D.N.Y. Aug. 9, 2018); *Monzon-Luna*, 2014 WL 223100, at *4-5 (denying motion for bill of particulars); *Young*, 2008 WL 4178190, at *1 (denying defendant's request for "a list of all the relevant "dates, times and places" relating to the charges against Defendant; the ages of the known victims; and the names and addresses of any known witnesses to the conduct in question" so that he might offer an alibi defense); *United States v. Boyajian*, No. CR 09-933 A-CAS, 2014 WL 6750230, at *7-11 (C.D. Cal. Nov. 26, 2014).  In rendering its Decision and Order, the magistrate judge wrongly discounted the applicability of these decisions to the instant case.  By discounting relevant case law, Magistrate Judge McCarthy's order is clearly erroneous and/or contrary to law.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the portion of the May 3, 2022 Decision and Order that grants in part the defendant's request for a bill of particulars and also orders the government to state where the victim is not capable of remembering certain details for particularization is clearly erroneous and/or contrary to law.  Considering the evidence in the record, the extensive discovery provided to the defendant, and the relevant authority relating to cases charging violations of Title 18, United States Code, Section 2433, this Court should find that the magistrate court committed clear error by granting the defendant's motion in

part and ordering the government to provide a bill of particulars.  Accordingly, this Court

should file an order denying the defendant's request for a bill of particulars.


      DATED:     Buffalo, New York, May 17, 2022.


            Respectfully submitted,

            TRINI E. ROSS
            United States Attorney


       BY:    s/MAEVE E. HUGGINS
            Assistant United States Attorney
            United States Attorney's Office
            Western District of New York
            138 Delaware Avenue
            Buffalo, New York 14202
            (716) 843-5872
            Maeve.Huggins@usdoj.gov