UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                         Case No. 21-CR-15-JLS-JJM

NICHOLAS TURNQUIST,

           Defendant.

---

### DEFENDANT NICHOLAS TURNQUIST'S OPPOSITION
### TO THE GOVERNMENT'S RULE 59 APPEAL
### OF THE MAGISTRATE'S DECISION & ORDER (ECF 98) GRANTING, IN PART,
### THE DEFENDANT'S MOTION FOR A BILL OF PARTICULARS



*Attorneys for Nicholas Turnquist*
Robert C. Singer, Esq.
80 East Spring Street
Williamsville, New York  14221
(716) 222-3288
rob@singerlegalpllc.com

**Preliminary Statement**

On May 3, 2022, Magistrate Judge McCarthy issued a decision and order granting, in part, the defendant's motion for bill of particulars. In the order, Magistrate Judge McCarthy opined that "in order for Turnquist to be able to conduct a meaningful investigation into the allegations against him and to avoid surprise at trial, he should be provided, to the extent possible, with the particular locations where the alleged incidents of sexual abuse/intercourse occurred on each trip [charged in the superseding indictment], including the location of the Walmart that is the subject of the allegations in Count 5." *See* ECF 98 at 7 (footnotes omitted). Since the trial in this case is scheduled to commence on July 6, 2022, Magistrate Judge McCarthy further ordered that "this production shall occur no later than May 20, 2022." On May 17, 2022, the government appealed this ruling.

As set forth below, Defendant Nicholas Turnquist (hereinafter, "defendant" or "Mr. Turnquist") opposes this appeal. Magistrate Judge McCarthy's order was not clearly erroneous or contrary to law. It was a sound decision. Magistrate Judge McCarthy considered all of the cases and arguments raised by the government in this appeal. And he rejected them believing that sharing of location information with the defense was appropriate under Rule 7(f) and the facts of this case. The District Court should reject this appeal and enforce the Magistrate's decision and order forthwith. Time is of the essence.

**Standard of Review**

Magistrate Judge McCarthy was delegated responsibility to determine non-dispositive pretrial matters in this case. Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any pretrial matter under this [section] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, pursuant to Section 636(b)(1)(A), the District

Judge may reconsider a decision and order issued by a Magistrate Judge when it is shown that the Magistrate Judge's order is "clearly erroneous or contrary to law." *See* 28 USC § 636(b)(1)(A). District Courts "have applied the applicable civil standard to [reconsideration] motions in criminal cases." *United States v. Larson*, 2013 U.S. Dist. LEXIS 169088, at *5 (W.D.N.Y. Nov. 23, 2013).

As civil reconsideration cases make clear, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (*quoting In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Acao v. Holder*, 2014 WL 6460120, at *1 (W.D.N.Y. Nov. 17, 2014) (*citing Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Schrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (the movant must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations omitted). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

While the District Court may alter or amend a Magistrate's decision and order to "correct a clear error of law or prevent manifest injustice, reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion." *Daniels v. Pioneer Central School District*, 2012 WL 1391922, at *1 (W.D.N.Y. April 20, 2012) (*quoting Munafo v. Metropolitan Transportation Auth*ority, 381 F.3d 99, 105 (2d Cir. 2004)); *see also*, *Gerace v. Cliffstar Corp.*, 2009 WL 2381852, at *2 (W.D.N.Y. Aug. 3, 2009) (citations omitted); *U.S. v. Gross*,

2

2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) (citation omitted) (the Government failed to meet its "heavy burden" where it simply "places emphasis on points it neglected to focus on previously, merely to buttress the arguments already rejected by this Court's … Order.").

Furthermore, "a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue … to advance new facts and theories in response to the court's rulings.'" *Pilitz v. Inc. Vill. Of Freeport,* 2012 WL 194963, at *2 (E.D.N.Y. Jan. 23, 2012) (substitution in original) (*quoting Church of Scientology Int'l v. Time Warner, Inc.*, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997)). "Nor is it proper to raise new arguments and issues." *Daniels*, 2012 WL 1391922, at *1 (citation omitted)*; see also Gross*, 2002 WL 32096592, at *4 ("A motion for reconsideration cannot advance a new argument, as it is deemed waived."). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). This is because the decision to grant or deny is within the sound discretion of the Court. *Acao*, 2014 WL 6460120, at *1.

Finally, Federal Rule of Criminal Procedure 59(a) provides that "[t]he district judge must consider timely objections and modify or set aside any part of the [Magistrate's order issued pursuant to 28 U.S.C. § 636(b)(1)(A)] that is contrary to law or clearly erroneous."

### Law Governing a Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to "direct the government to file a bill of particulars." Fed. R. Cr. P. 7(f). The purpose of a bill of particulars is to permit a defendant "to identify with sufficient particularity the nature of the charges pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same

3

offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *see also United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (same).  However, "'[a] bill of particulars is not a general investigative tool, a discovery device, or a means to compel the government to disclose evidence or witnesses to be offered prior to trial.'"  *United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) (quoting *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001)).  The Court has broad discretion in determining whether to grant a motion for a bill of particulars.  "Courts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'"  *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (E.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)).  These general factors help frame the analysis; they do not determine the outcome.

"The line that distinguishes one defendant's request to be apprised of necessary specifics about the charges against him from another's request for evidentiary detail is one that is quite difficult to draw."  *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000).  The essential question is whether the defense has been provided sufficient particulars **"to conduct a meaningfully directed investigation of the relevant facts and circumstances and be prepared to respond to the charges."**  *Id.* at 235 (emphasis added); *see also United States v. Nachamie*, 91 F. Supp. 2d 565, 573 (S.D.N.Y. 2000) (directing particulars where they "will help a defendant focus his investigation and prepare for trial").  "Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required."  *Bortnovsky*, 820 F.2d at 574.  In determining whether the Government should be required to provide a bill of particulars, the Court considers the language of the indictment but also "the totality of the information available to the defendant" including through pretrial discovery.  *Bin Laden*, 92 F. Supp. 2d at 233.

**Argument**

Magistrate Judge McCarthy correctly decided the defense motion for a bill of particulars. His ruling was eminently reasonable and struck a balance between the government's interests and the needs of the defense. His ruling should not be disturbed and this Court should order the government to comply with the ruling without further delay.

I. **The government's claim that it has provided adequate information to the defense so that Mr. Turnquist can identify the location of the assault(s) alleged in Count 1 through discovery and other means is belied by the evidence.**

Count 1 of the superseding indictment alleges a trip to Baltimore, Maryland in 2014. In its motion for a bill of particulars, the defense requested information regarding the physical location of the assault(s) that took place on this trip "'to conduct a meaningfully directed investigation of the relevant facts and circumstances and [to] be prepared to respond to the charges.'" *See* ECF 91-1 at 5 (quoting *Bin Laden*, 235 F. Supp. 2d at 235). As the defense argued, it "needs to know these specific locations to conduct investigation into the room or other location that will be alleged by the government" so that it can prepare a defense and send its investigators to these locations to gather evidence. *See id.* at 5-6. Magistrate Judge McCarthy ordered the government to produce this information. The government believes that discovery provided to the defense, to date, obviates the need for a bill of particulars on Count 1 because this discovery provides information to the defense "in some acceptable alternate form" to determine the location of the assault(s) short of a bill of particulars. *See* ECF 99 at 10-12. This claim is incorrect.

The discovery provided by the government so far consists of a credit card statement and a bank statement. The Capitol One credit card statement includes the following information:

```
TRANSACTIONS FOR NICHOLAS B TURNQUIST #3825
1    26 APR   BEST OF BALTIMOREBALTIMOREMD              $32.84
2    26 APR   300 EAST PRATT STREETBALTIMOREMD          $26.00
```

5

The M&T Bank statement includes the following information:

| 04/28/2014 | HARBOR EAST PARCEL C 64106858331 | | | 27.00 | 523.71 |

As one can readily determine, neither of these statements provides a location of the hotel occupied by Mr. Turnquist nor the physical location of the assault(s) that allegedly occurred on this trip. The only thing these entries provide is corroboration that Mr. Turnquist billed something to his credit card on these dates in Baltimore, MD. Further investigation by the defense revealed that the debits occurred in a waterfront area of Baltimore and may relate to parking garage fees, but these charges do not help the defense determine what hotel Mr. Turnquist occupied or where the assault(s) occurred.

This information is inadequate and precisely the reason the defense filed for a bill of particulars in the first place. As it stands, the defense is unable to investigate this charge. It cannot send an investigator to a particular location to investigate. And investigation of local area hotels would prove costly and time consuming. For example, in walking vicinity of 300 Pratt Street, there are *over 20 different hotels*. Based on the government's unwillingness to provide a bill of particulars,



6

the government would have the defense investigate all of these locations, while the defense does not know which hotel Ms. Kranz will testify she stayed at in Baltimore or where else she will allege that she was assaulted in Baltimore.  More problematic is how the government is aware of this information (and has been for months or years), yet refuses to disclose it now.  This is why Magistrate Judge McCarthy ordered the bill of particulars – so the defense is "able to conduct a meaningful investigation into the allegations against [the defendant] to avoid surprise at trial." ECF 98 at 7.  The Court should affirm the Magistrate's ruling so the defense can prepare for trial by conducting "a meaningful investigation."[1]

II. **Notwithstanding discovery disclosures that identify hotel room information for the trips alleged in Counts 2 through 5, the defense still requires particularization regarding the physical location of the assault(s) on these trips.  The "Walmart parking lot" assault is a perfect example of why this is required and why the Magistrate ordered such disclosures.**

The defense does not dispute that it was provided discovery from the government which contains information regarding the physical addresses of the hotels at which Mr. Turnquist allegedly stayed during the trips alleged in Counts 2 through 5.  While these disclosures certainly aid the defense in preparing for trial, the defense nonetheless requires further particularization regarding

---

[1] The request regarding Count 1 is not analogous to the request the defense made regarding the "Walmart parking lot" in Count 5.  On Count 5, the government responded informally to the defense request, *see* ECF 99 at 12-13, by directing the defense to an M&T bank statement previously disclosed in discovery with the following entry that is relevant to Count 5:

| 09/21/2015 | WM SUPERCENTER #5420  KISSIMMEE | | | 69.70 |

Given how this entry discloses the store number of the Walmart, the defense was able to locate the physical address of this Walmart.  As a result, it can send an investigator to the store to investigate this allegation.  The same is not true of the Baltimore entries, though.  None of the entries identified by the government above provide such detail; instead, the address or name of the hotel is indiscernible.  This is why discovery disclosures cannot serve as a substitute to a bill of particulars for Count 1.

7

these counts because the situs of the assault(s) on these trips may not be confined to a hotel room only. The "Walmart parking lot" allegation is a prime example.

Prior to the detention hearing on the superseding indictment, the defense was under the (mis)impression that all of the assaults that allegedly occurred on these trips occurred in the hotel rooms that Mr. Turnquist and Ms. Kranz occupied. At the detention hearing, however, the government made a proffer that undermined this assumption. Prosecutors stated this about the 2015 trip to Florida alleged in Count 5:

```
6        When they went to a Walmart, he drove the minivan to a
7   secluded part in the parking lot and raped the victim in the
8   minivan that he had rented from Enterprise.  So we have
```

*See* ECF 91-2 at 7. This allegation was unknown to the defense prior to the hearing and would not have been known prior to trial unless it was disclosed at the detention hearing or in pretrial filings.

After receiving this information, the defense moved for particularization regarding the physical location of the assault(s) on the trips alleged in Counts 1 through 5. Mr. Turnquist's reason for doing so was to determine if the government planned to present evidence of assaults that occurred outside of the hotel rooms. This relief was requested to prevent a situation arising at trial where Ms. Kranz claimed an assault occurred in a different location than (or in addition to) a hotel room which the defense had not had the opportunity to investigate prior to trial.

As this Court is aware, none of the allegations in this case are recent (most occurred more than seven years ago) and none are local. Given temporal and geographic distance, investigation is difficult. This case also is different than many child sexual assault cases because the allegations are not confined to a particular home in which the child and parent lived, making investigation of these allegations more difficult than normal. In the event an unforeseen allegation is made at trial, it will be very difficult to investigate such allegations "on the fly" and investigation may

8

require a brief recess of the proceedings or a continuance, either of which is disruptive.  However, if these locations are identified and investigated in advance, then the need for investigation mid-trial will not be necessary and the trial will move forward in an orderly fashion.  This is why the defense made its request for a bill of particulars that identifies the physical location of the assault(s) on each trip.  This information is "necessary" to prepare for trial. This is why Magistrate Judge McCarthy ordered the government to disclose these locations.  And this is why this Court should affirm the Magistrate's order.

### III. Magistrate Judge McCarthy's order is straightforward and limited.  The order is not as "extraordinary" as the government complains.

In its appeal, the government complains that providing information regarding the physical location of the assault(s) for each count "will require the government to provide an **extraordinary level of evidentiary detail** – well beyond that supported by the law – that amounts to a preview of how the government intends to prove its case and limits evidence that the government can present prior to trial, particularly as to the victim's testimony or recollection." *See* ECF 99 at 5 (emphasis added).  This Court should reject such hyperbole.

The only "evidence" that the Magistrate ordered disclosed to the defense is *the location* of each assault on the trips.  With the exception of Count 1, this "evidence" probably has been disclosed to the defense already through the provision of discovery which identifies the name, address, and room number of the hotels Mr. Turnquist booked.  Thus, the only "new" items the government may have to disclose in the bill of particulars are 1) the location of the hotel in Count 1 and 2) the locations of other assaults that did not occur in a hotel room during the five trips alleged in the superseding indictment.  The government already has disclosed an assault occurring outside of a hotel room for Count 5.  In making this disclosure, the government issued a *one-sentence* statement and disclosed *one page* of discovery.  There is nothing "extraordinary" or "detailed" about this disclosure. This disclosure did not reveal the way the government intends to prove its case, interpret

9

evidence for the defendant, or disclose the government's legal theory of the case. The same can be said of any additional disclosures regarding the locations of the alleged assaults on these trips. Simply put, there is nothing "extraordinary" or "detailed" about making a few additional disclosures, if necessary, through the bill of particulars ordered by Magistrate Judge McCarthy.

There also is nothing "extraordinary" regarding Magistrate Judge McCarthy's order directing the government to disclose when it is unable to identify the location of an out-of-state assault. In the event Ms. Kranz cannot recall or identify the location of the assaults that allegedly took place on these trips, then all the government is required to do under Magistrate Judge McCarthy's order is to state that "an exact location of the assault was not identified by the alleged victim or officers investigating this matter," or words to that effect. Once again, this *one-sentence* response takes little time and effort to prepare.

Finally, the government also complains that Magistrate Judge McCarthy's order is "illogical" given the charges in this case. *See* ECF 99 at 10. This is another illusory argument that should be rejected. For example, the government posits that "no proof of where the sexual abuse/intercourse occurred is required at trial," *see id.*, yet this proposition is belied by the law. As the government concedes, one of the elements of a violation of 18 U.S.C. § 2423(a) is that the defendant transported a minor across state lines "with the intent to engage in sexual activity with the minor." *See id.* Thus, evidence regarding sexual activity that occurred across state lines during a trip is directly relevant to proving this element and the defendant's intent. This is why the location information that Magistrate Judge McCarthy ordered disclosed to the defense should be disclosed to the defense. There is nothing "extraordinary" about this order, particularly in a case in which the charges relate to out-of-state events that occurred many years ago.

**IV. The cases cited by the government are not persuasive. Magistrate Judge McCarthy considered all of them, but correctly opined that they are not dispositive regarding the disclosure of location information.**

In its appeal, the government references several district court opinions, within this circuit and outside of it, in support of its proposition that the bill of particulars for the location information in this case should have been denied. None of these cases are persuasive and, contrary to the government, they actually support the Magistrate's decision rather than the government's position.

For example, in *United States v. Young*, the district court discussed how the government's voluntary discourse of the location of the alleged assaults (the defendant's martial ats studio in West Milford. NJ) and the alleged victims' names to the defense prior to trial was important to denying the defendant's request for a bill of particulars. *See United States v. Young*, No. 08-CR-285-KMK, 2008 U.S. Dist. LEXIS 67981, at *1-*12 (S.D.N.Y. Sep. 4, 2008) (citing *United States v. Walsh,* 194 F.3d 37, 44-45 (2d Cir. 1999) (affirming the denial of a bill of particulars because the government disclosed the location of the alleged assaults prior to trial)). Here, unlike the prosecutors in *Young*, the government has provided discovery identifying location information in some instances, but not all.

In *United States v. Donaldson*, Magistrate Judge Schroeder did deny of the defendant's motion to dismiss the indictment for legal insufficiency[2], however Magistrate Schroeder also *granted* the defendant's request for a bill of particulars identifying location information regarding the

---

[2] The government takes issue with the fact that neither Mr. Turnquist nor Magistrate Judge McCarthy considered dismissal of the indictment for facial insufficiency when moving for and granting the bill of particulars. *See* ECF 99 at 6 n.2. Whether such a motion would have been "meritless" (as the government argues) or not, this fact has no relevance regarding the decision to grant a bill of particulars. As *Donaldson* reveals, it is perfectly appropriate for a court to both deny a motion to dismiss for facial sufficiency and to grant a bill of particulars. *Donaldson,* No 09-CR-321-HKS-RJA, ECF 41 at 4 (W.D.N.Y. May 17, 2011). The issues are not mutually exclusive.

11

assaults. *See United States v. Donaldson*, No 09-CR-321-HKS-RJA, ECF 41 at 2-4 (W.D.N.Y. May 17, 2011) (Schroeder, M.J.). More specifically, Magistrate Schroeder ordered the government to disclose information responsive to the defendant's request in paragraph 12(b) of his motion to identify "the States through and to which Mr. Donaldson is alleged to have transported Victim 1 and Victim 2." *See id.* at 2. As Magistrate Schroeder opined:

> Having found the Second Superseding Indictment to be legally sufficient in a separate Report, Recommendation and Order, this Court recommended that defendant's motion to dismiss be denied. Notwithstanding that recommendation, this Court finds that defendant's request for specification of the states through and to which the defendant is alleged to have transported Victim 1 and Victim 2 is reasonable. Dkt. #38, ¶ 12(b). More specifically, this Court finds that defendant is entitled to a description of the state criminal offense(s) for which he could have been charged, including a citation to the particular state statute(s). Accordingly, defendant's request for a bill of particulars, specifically the request contained in paragraph 12(b), is granted.

*Id.* at 4. The location information sought here is just as "reasonable" as the location information ordered disclosed in *Donaldson*.

In *Pierre-Louis*, the district court denied the defendant's request for a bill of particulars because "the Indictment read in conjunction with the search warrant affidavit and the 8,000 pages of discovery that defendant acknowledges receiving from the Government would suggest that defendant has enough information to apprise him of the charges with enough precision to enable him to prepare a defense, avoid unfair surprise at trial, and preclude a second prosecution for the same offense." *United States v. Pierre-Louis*, No. 16-CR-541-CM, 2018 U.S. Dist. LEXIS 134899, at *18 (S.D.N.Y. Aug. 9, 2018). Here, the superseding indictment, Special Agent Garver's

12

complaint, and the discovery do not identify the location information sought in the bill of particulars, so *Pierre-Louis* is inapposite.

Beyond these cases, though, the government is hung up on the notion advanced in some cases that a bill of particulars cannot be used as a vehicle for discovery. Generally, this proposition is true, but as *Bin Laden* makes clear, ordering further particularization is warranted when such disclosure is "necessary" for the defense "to conduct a meaningfully directed investigation of the relevant facts and circumstances and [to] be prepared to respond to the charges." *Bin Laden*, 92 F. Supp. 2d at 235. As Magistrate Judge McCarthy pointed out in his decision and order, the government did not address *Bin Laden* in its opposition. *See* ECF 98 at 6. The same is true in this appeal – the government fails to address this point at all. Consistent with *Bin Laden*, this Court should affirm the order directing particularization regarding location information of the alleged assaults in this case.[3]

---

[3] The government also complains that provision of this information constitutes the "who, when, and how" of the crime and that courts in this circuit have generally denied motions seeking such information, *see* ECF 99 at 8, yet this rationale and the cases that support it are not analogous. First, the line of cases discussing denials of "who, when, and how" information involve large-scale conspiracies. In those cases, defendants have attempted to gain particularization about unknown co-conspirators and unknown overt acts and courts have denied such relief on the basis that proof of the conspiracy does not always require such specificity and there are safety concerns, unique to large conspiracy cases, that counsel against disclosure of unidentified witnesses. Here, there is no conspiracy alleged, the principal actors (Mr. Turnquist and Ms. Kranz) are known to the defense, and the same safety concerns are not present. Second, the bill of particulars filed by Mr. Turnquist is not requesting information about the who, the when, or the how. The defense already knows "the who" (Ms. Kranz), "the when" (the dates alleged in the indictment), and "the how" (the interstate transport of Ms. Kranz). Instead, the bill of particulars ordered by Magistrate Judge McCarthy directs identification of a location, that, in some respects – possibly many respects – may have been disclosed by the government already. Disclosure of location information does not trigger the same concerns and will help avoid delays during the presentation of proof at trial. That is why this line of reasoning is neither analogous nor persuasive.

13

**Conclusion**

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish,* 253 F. Supp. 2d at 715. Here, Magistrate Judge McCarthy considered all of the arguments brought forth in this appeal. After considering them, he denied the defendant's motion for a bill of particulars, in part, and granted the motion, in part. He ordered disclosure of the physical location of the alleged assaults on each trip to keep this trial "on track" He also ordered disclosure of this information because, in some instances, the government's discovery disclosures and on-the-record statements did not provide sufficient detail to understand, investigate, and prepare a defense, making this evidence "necessary" to adequate trial preparation.

Magistrate Judge McCarthy's decision was measured. He rejected the defense request to disclose information for the purpose of building an alibi defense. He rejected the defense request for detailed information regarding the dates and times of the alleged assaults. Nonetheless, he ordered disclosure of location information because making such disclosures was not "extraordinary" and, in some cases, may have already been accomplished through discovery. This was a sound decision that was neither clearly erroneous nor a manifest injustice. This Court should affirm it and order the government to file its bill of particulars forthwith.

Dated: May 24, 2022
      Williamsville, New York

                **SINGER LEGAL PLLC**
                *Attorneys for Defendant Nicholas Turnquist*

                By: s/ Robert C. Singer, Esq.
                      Robert C. Singer, Esq.
                80 East Spring Street
                Williamsville, New York  14221
                (716) 222-3288
                rob@singerlegalpllc.com