IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      v.                                                  21-CR-15-JLS-JMM

NICHOLAS TURNQUIST,

            Defendant.

---

### REPLY TO THE DEFENDANT'S OPPOSITION TO THE UNITED STATES' OBJECTIONS TO THE MAY 3, 2022 DECISION AND ORDER

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Maeve E. Huggins, Assistant United States Attorney, of counsel, objected to and filed its appeal pursuant to Fed. R. Crim. P. 59(a) and 28 U.S.C. §636(b)(1)(A) of the May 3, 2022 Decision and Order of United States Magistrate Judge Jeremiah J. McCarthy that orders the government to provide a bill of particulars (Doc. 99). The defendant opposed the government's appeal (Doc. 101). The government submits the following in reply and in further support of its appeal.

The magistrate judge clearly erred in ordering a bill of particulars and in requiring the government to state when the victim was unable to remember certain details. Such directive is extraordinary under both the relevant law and circumstances of the instant case. Accordingly, the government appealed the May 3, 2022 Decision and Order pursuant to Fed. R. Crim. P. 59(a) and 28 U.S.C. §636(b)(1)(A).

The government identified two clear errors in the magistrate judge's Decision and Order: First, requiring the government to particularize the specific locations where the alleged incidents of sexual abuse/intercourse occurred on each trip; and second, *sua sponte* directing the government to state when the victim did not recall certain details.  Given the specific charged conduct, the detail contained within the Superseding Indictment, and the information already disclosed through the affidavit supporting the Criminal Complaint, the approximately 17,969 pages of discovery in addition to numerous audio and video recordings provided to the defendant, and the government's proffer, no such particularization is warranted under Federal Rule of Criminal Procedure 7(f) and the relevant case law applicable to prosecutions for Title 18, United States Code, Sections 2423(a) and 2423(e) violations.

The Superseding Indictment is plain and straightforward in its identification of the dates and the specific state lines that the defendant transported the victim across. Particularization of the precise locations of the sexual abuse/intercourse is unnecessary and contrary to law as the charge does not require proof of those hyper specific details to support a conviction for violation of Title 18, United States Code, Sections 2423(a) and 2423(e).  Nor does the defendant cite any authority demonstrating that a conviction requires such proof. The specific acts that form the basis of the charged conduct is the trips involving the transportation of the then minor victim with the requisite criminal intent – not the exact location of the specific criminal sexual conduct.

Regardless of the defendant's complaints, there is no surprise as to which trips he stands charged with, much less the state lines crossed.  Further, at no time in his opposition

does the defendant claim he is unaware of the trips taken. To order the government to specify whether the sexual abuse occurred within a hotel or someplace else, amounts to no more than an improper preview of witness testimony and the government's theory. *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (citing *United States v. Andrews*, 381 F.2d 377, 377–78 (2d Cir. 1967) (per curiam)); *United States v. Remy*, 658 F.Supp. 661, 670 (S.D.N.Y. 1987)). The defendant is quite literally seeking a judicial order to flesh out the government's proof. *United States v. Weinberg*, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987) (overruled on other grounds); *see also United States v. Ianniello*, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985). Further, the defendant does not address how the specific concerns raised by child sexual abuse cases that often present unique reasons to deny a bill of particulars are inapplicable here. *United States v. Young*, No. 08-CR-285 (KMK), 2008 WL 4178190, at *2 (S.D.N.Y. Sept. 4, 2008); *e.g.*, *United States v. Vogelbacher*, No. 120CR00098LJVMJR, 2021 WL 1017126, at *6–7 (W.D.N.Y. Feb. 2, 2021), *report and recommendation adopted*, No. 20-CR-98-V, 2021 WL 978848 (W.D.N.Y. Mar. 15, 2021); *United States v. Kevin L. Donaldson*, 09-CR-321A, ECF No. 41, p. 4, *Decision and Order of Magistrate Judge H. Kenneth Schroeder, Jr.* (W.D.N.Y May 17, 2011) (denying defendant's request for particularization of date, time, and locations and only ordering particularization of the state criminal offenses for which the defendant could have been charged); *United States v. Pierre-Louis*, No. 16 CR 541 (CM), 2018 WL 4043140, at *7 (S.D.N.Y. Aug. 9, 2018); *Monzon-Luna*, 2014 WL 223100, at *4-5 (denying motion for bill of particulars); *Young*, 2008 WL 4178190, at *1 (denying defendant's request for "a list of all the relevant "dates, times and places" relating to the charges against Defendant; the ages of the known victims; and the names and addresses of any known

witnesses to the conduct in question" so that he might offer an alibi defense); *United States v. Boyajian*, No. CR 09-933 A-CAS, 2014 WL 6750230, at *7-11 (C.D. Cal. Nov. 26, 2014).

Moreover, directing the government to provide such particularization in practical terms amounts to ordering the government to disclose the anticipated testimony of witnesses, chiefly the victim.  Such result is a clear error and contrary to the established purpose of a bill of particulars under Rule 7(f).  Indeed, the problematic nature of the magistrate judge's Decision and Order is further revealed by the defendant's interpretation of it.  In his opposition, the defendant expansively reads the magistrate judge's order as to the victim's recollection to include whether investigating officers identified exact locations (Doc. 101 at 11).  Not only is this an inaccurate reading of the magistrate judge's footnote, but it also calls for the potential testimony of other government witnesses, including the investigating officers.

Finally, the defendant's opposition concedes the ample information already provided by the government in this case and that much of what he seeks "probably has been disclosed to the defense already" (Doc. 101 at 10).  He acknowledges receipt of discovery containing credit card statements regarding the April 2014 Baltimore, Maryland trip (Doc. 101 at 6) as well as the various records detailing the physical addresses of the hotels at which the defendant and victim stayed during the September 2014 Niagara Falls, Canada trip, the December 2014 and July 2015 Pennsylvania trips, and September 2015 Florida trip (Doc. 101 at 8).  Given the detailed information already available to the defendant, a bill of particulars detailing extraordinarily specific information and witness recollection serves as an improper vehicle for all-purpose pretrial investigative tool for the defense.  *See United States v. Sindone*,

2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002).  Such Decision and Order is a clear error and/or contrary to the law.

## CONCLUSION

For all of the foregoing reasons and based upon the record before this Court, the portion of the May 3, 2022 Decision and Order that grants in part the defendant's request for a bill of particulars and also orders the government to state where the victim is not capable of remembering certain details for particularization is clearly erroneous and/or contrary to law. Considering the evidence in the record, the extensive discovery provided to the defendant, and the relevant authority relating to cases charging violations of Title 18, United States Code, Section 2433, this Court should find that the magistrate court committed clear error by granting the defendant's motion in part and ordering the government to provide a bill of particulars.  Accordingly, this Court should file an order denying the defendant's request for a bill of particulars.

DATED:     Buffalo, New York, May 27, 2022.

>                    Respectfully submitted,
>
>                    TRINI E. ROSS
>                    United States Attorney
>
> BY:    s/MAEVE E. HUGGINS
>                    Assistant United States Attorney
>                    United States Attorney's Office
>                    Western District of New York
>                    138 Delaware Avenue
>                    Buffalo, New York 14202
>                    (716) 843-5872
>                    Maeve.Huggins@usdoj.gov