UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  21-CR-15 (JLS) (JJM)

NICHOLAS TURNQUIST,

Defendant.

---

## DECISION AND ORDER

Before the Court is the Government's Rule 59(a) appeal of Magistrate Judge McCarthy's May 3, 2022 Decision and Order requiring the Government to provide a bill of particulars. For the reasons below, the portion of that order granting, in part, Defendant Turnquist's motion for a bill of particulars is clearly erroneous. As such, the order (Dkt. 98) is vacated and Turnquist's motion (Dkt. 91) is denied.

## BACKGROUND

Defendant Nicholas Turnquist was initially charged by Criminal Complaint with knowingly transporting an individual who had not attained the age of 18 years in interstate commerce from New York to Pennsylvania with the intent that such individual engage in illegal sexual activity, in violation of 18 U.S.C. § 2423(a). *See* Dkt. 1. In support of the Complaint, Federal Bureau of Investigation Special Agent Randall Garver provided an affidavit including information about the investigation of the sexual abuse allegations as well as several other out-of-state trips in which Turnquist transported the victim. *See generally id.*

On February 3, 2021, the grand jury issued a one-count Indictment against

Turnquist, charging him with transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. §§ 2423(a) and 2423(e), for a trip to Pennsylvania on December 23, 2014. Dkt. 9.

The grand jury issued a Superseding Indictment on March 8, 2022, charging Turnquist with five counts in violation of 18 U.S.C. §§ 2423(a) and 2423(e) for the following: an April 26, 2014 trip to Maryland; a September 5, 2014 to Niagara Falls, Canada; a December 23, 2014 trip to Pennsylvania; a July 16, 2015 trip to Pennsylvania; and a September 19, 2015 trip to Florida. Dkt. 71. After both indictments, the Government asserts that it provided discovery to Defendant. *See* Dkt. 99, at 2-3.

In anticipation of the trial scheduled to start on July 6, 2022, Turnquist moved for a bill of particulars, requesting detailed information including, among other things, exact locations, dates, and times of the alleged illegal sexual contact between him and the victim. Dkt. 91-1 ¶ 16. Notable here, Turnquist requested hotel names, room numbers, and locations where he allegedly committed the sexual activity. *Id.* The Government opposed the motion. Dkt. 94.

Judge McCarthy granted in part and denied in part Turnquist's motion. Dkt. 98. Specifically, Judge McCarthy ordered that Defendant "should be provided, to the extent possible, with the particular locations where the alleged incidents of sexual abuse/intercourse occurred on each trip, including the location of the Walmart that is the subject of the allegations in Count 5." *Id.* at 7. The order then instructed the Government, in providing particularization, to state whether a minor

2

witness[1] was unable to recall the relevant details. *Id.* n.5.

On May 17, 2022, the Government appealed Judge McCarthy's May 3, 2022 Decision and Order, arguing it was contrary to law and/or clearly erroneous. Dkt. 99. On May 18, 2022, this Court issued a stay of Judge McCarthy's order and a briefing schedule. Dkt. 100. Defendant filed a response on May 24, 2022, *see* Dkt. 101, and the Government filed a reply on May 27, 2022, *see* Dkt. 102.

## DISCUSSION

Turnquist has asked for the requested particulars in order "to conduct a meaningfully directed investigation of the relevant facts and circumstances and to be prepared to respond to the charges." Dkt. 101, at 14. The Government argues that Judge McCarthy's order is clearly erroneous and contrary to law because it would require the Government to provide an extraordinary level of evidentiary detail, beyond that which is required by law, amounting to a preview of the Government's proof at trial and limiting evidence, particularly as to the victim's testimony or recollection. Dkt. 99, at 4-5. Upon review of Judge McCarthy's order, the Superseding Indictment, and the relevant record, this Court concludes that ordering the Government to provide particularization in this case was clearly erroneous.

## I. LEGAL STANDARDS

### A. Standard of Review

The Court reviews the order under the "clearly erroneous" or "contrary to

---

[1] The victim was a minor at the time of the charged conduct.

law" standard of review. *See* 28 U.S.C. §§ 636(b)(1)(A), (C); Fed. R. Crim. P. 59(a). This standard of review applies to objections to orders pertaining to discovery issues, including the granting or denial of a bill of particulars. *See United States v. Louissaint*, No. 6:12-CR-06081, 2016 WL 543238, at *1 (W.D.N.Y. Feb. 10, 2016). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). An order is deemed "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *United States v. Torres*, No. 18-CR-6094-FPG, 2020 WL 4199075, at *1 (W.D.N.Y. July 22, 2020) (internal quotations and citation omitted).

### B. Motion for a Bill of Particulars

Pursuant to Federal Rule of Criminal Procedure 7(f), a defendant may move for a bill of particulars "in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Pirk*, 282 F. Supp. 3d 578, 580 (W.D.N.Y. 2017) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 572 (2d Cir. 1987)). A bill of particulars serves to amplify the pleading—*i.e.*, the indictment—and accordingly, the Government will be "strictly limited to proving what it has set forth in it." *Id.* (quoting *United States v. Germain*, 33 F. App'x 565,

4

566 (2d Cir. 2002)). A bill of particulars is required only where the charges of the indictment are "so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Bonventre*, 646 F. App'x 73, 79 (2d Cir. 2016) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)).

When considering a motion for a bill of particulars, the court may consider factors such as: (1) the complexity of the charges, (2) the clarity and level of detail in the indictment, and (3) the degree of discovery available to the defendant. *United States v. Shoher*, 555 F. Supp. 346, 349 (S.D.N.Y. 1983). Generally, if the information the defendant seeks is provided in the indictment or in some acceptable alternate form, a bill of particulars is not required. *United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) (quoting *Bortnovsky*, 820 F.2d at 572).

A bill of particulars is not a "general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001) (citations omitted). The government "may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. Apr. 23, 2003) (citing *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001)); *see also U.S. v. Bellomo* 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003) (noting that a bill of particulars is not designed to, *inter alia*, assist the defendant's investigation, obtain the government's evidence, and

5

obtain the precise way in which the government intends to prove its case). It is "well-settled" that acquisition of "evidentiary detail" is not the purpose of a bill of particulars. *See United States v. Vogelbacher*, 1:20-CR-00098-LJV-MJR, 2021 WL 1017126, at *6 (W.D.N.Y. Feb. 1, 2021) (citing *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)), *report and recommendation adopted*, 2021 WL 978848 (W.D.N.Y. Mar. 15, 2021).

Ultimately, the test is whether the information sought is necessary to the defense—not whether it is helpful or useful. *See United States v. Cobb*, 555 F. Supp. 3d 4, 8 (W.D.N.Y. 2021) (quoting *Mitlof*, 165 F. Supp. 2d at 569). Where the information sought is "in the nature of the wheres, whens and with whoms," courts have determined that such information is "beyond the scope of a bill of particulars." *Id.* (quotation marks omitted); *see also U.S. v. Perryman*, 881 F. Supp. 2d 427, 430 (E.D.N.Y. 2012) ("It is also important to recall that a bill of particulars is not a discovery device and should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense.") (citations and quotation marks omitted). The government is not required to answer a "set of detailed interrogatories in the guise of a bill of particulars" when extensive discovery has been provided and the indictment is neither vague nor indefinite. *See United States v. Moses*, No. CR. 02-CR-040, 2002 WL 32351156, at *4 (E.D. Pa. Apr. 4, 2002) (quoting *United States v. Kenney*, 462 F.2d 1205, 1212 (3d Cir. 1972)).

## II. APPLICATION

In the present case, the Superseding Indictment, the affidavit accompanying the Complaint, the nearly 18,000 pages of organized and searchable discovery, and other information provided to Defendant are sufficient to apprise him of the charges with enough precision to enable him to prepare a defense, avoid unfair surprise at trial, and preclude a second prosecution for the same offense. *See Pirk*, 282 F. Supp. 3d at 580; *Torres*, 901 F.2d at 234.

Relevant here is Turnquist's explicit purpose to use this information as an investigative tool—presumably to investigate hotel rooms and a parking lot allegedly involved in events that occurred seven or eight years ago. As the Government argues, the charging documents clearly identify the dates when, and specific state lines across which, Turnquist allegedly transported the victim. *See* Dkt. 71. This is not an instance in which the charges are "so general that they do not advise the defendant of the specific acts of which he is accused." *Bonventre*, 646 F. App'x at 79. Bills of particulars are not designed for investigatory purposes, to obtain discovery, or to learn the limits of witness recall.

Indeed, this case is not complex or difficult to understand: the allegations involve discrete events and specific time periods when Turnquist is alleged to have transported a single minor victim across state lines with the intent to engage in sexual activity. *Vogelbacher*, 2021 WL 1017126, at *6 (observing similar charges "are neither complex nor difficult to understand"). Further, the Government has provided considerable information about the charges via discovery and its proffers,

7

which includes, among other things, records related to travel, credit cards, hotels, and car rentals. Dkt. 99, at 11-12; *see also* Dkt. 101, at 5, 8.

A bill of particulars is unnecessary in this case to amplify the indictment. *See Pirk*, 282 F. Supp. 3d at 580. Defendant here is not in the dark regarding the essential facts constituting each of the crimes charged, the time frames in which the crimes are alleged to have occurred, and the victim involved.[2] *See U.S. v. Monzon-Luna*, No. 11-CR-722 (S-4) (RRM), 2014 WL 223100, at *4 (E.D.N.Y. Jan. 21, 2014) (denying request for a bill of particulars in a sex trafficking case). Thus, based on the lack of complexity in this case, the clarity of the charging documents, and the discovery and other detail already provided to Defendant, no bill of particulars is "necessary." *See Shoher*, 555 F. Supp. at 349; *Cobb*, 555 F. Supp. 3d at 8. The May 3, 2022 Decision and Order would improperly compel the Government to disclose its manner of proof and preview its evidence. *Rittweger*, 259 F. Supp. 2d at 291.

---

[2] This case is distinguishable from those cases that present a "needle in a haystack" problem—where, for example, defendants were left to sift through thousands of legitimate transactions in an attempt to discover which transactions the government seeks to prove are fraudulent. *United States v. Kahale*, 789 F. Supp. 2d 359, 376 (E.D.N.Y. 2009); *see Bortnovsky*, 820 F.2d at 574-75 (where the Government provided the defense with four thousand documents but contended that only three documents were fraudulent, it was error to deny a bill of particulars identifying the fraudulent documents). This case is also distinguishable from more complex cases like *United States v. Bin Laden*, 92 F. Supp. 2d 225 (S.D.N.Y. 2000), which involved an "unusually protracted" process of preparing for trial. 92 F. Supp. 2d at 232. The indictment in *Bin Laden* charged 15 named defendants with 267 discrete criminal offenses, charged certain defendants with 229 counts of murder, covered a period of nearly ten years, and alleged 144 overt acts in various countries that covered an unusually vast geographical scope, plus many of the alleged co-conspirators used several aliases and/or code names, which significantly magnified defense counsel's burden. *Id.* at 227-28, 241. That broad scope and complexity is not present here.

Defendant seeks information as to the "wheres, whens and with whoms" of the charges—specifically, locations—that is the kind of information courts frequently conclude is "beyond the scope of a bill of particulars." *Cobb*, 555 F. Supp. 3d at 8.

Numerous courts have similarly rejected particularization requests in child sex abuse and exploitation cases. *See, e.g.*, *Vogelbacher*, 2021 WL 1017126, at *6-7; *United States v. Pierre-Louis*, 16 CR 541(CM), 2018 WL 4043140, at *7 (S.D.N.Y. Aug. 9, 2018). These courts have recognized that, in such cases, approximate time frames or periods in the indictment are permissible because "minors often are not capable of remembering the exact dates when the alleged acts occurred." *United States v. Young*, No. 08-CR-285 (KMK), 2008 WL 4178190, at *2 (E.D.N.Y. Sept. 4, 2008) (quoting *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005)); *see also U.S. v. Boyajian*, No. CR 09-933(A)-CAS, 2014 WL 6750230, at *10 (C.D. Cal. Nov. 26, 2014). As a result, courts have declined to grant bills of particulars—including requests for specific dates, locations, and means of transportation. *Young*, 2008 WL 4178190, at *4 (concluding the indictment's date ranges were adequate to apprise the defendant of the pending charges and the government was not obligated to provide particulars as to the time of day and specific location of the alleged offense); *Pierre-Louis*, 2018 WL 4043140, at *7 (defendant's demand that the government provide specifics of how it will prove the interstate transportation element of its case was an improper attempt to limit the government's proof at trial and the type of "when, where, and how" requests that are almost uniformly denied); *Monzon-Luna*, 2014 WL 223100, at *4 (requiring the government to disclose specific

instances of transportation of each victim and other particulars would constitute an improper demand for the government's proof at trial); *Boyajian*, 2014 WL 6750230, at *10-11 (a bill of particulars is not warranted where the time periods in the indictment spanned up to five months).

As in those cases, the Government has provided sufficient notice of the charges, including ample detail in discovery, and is not required to specify further the "wheres" of the alleged sexual abuse. Nor is the Government required to particularize each instance where a witness may be unable to recall hotel room numbers, precise sexual activity locations, or Walmart store addresses. Ordering the Government in this case to answer what amounts to a "set of detailed interrogatories in the guise of a bill of particulars" was clear error. *See Moses*, 2002 WL 32351156, at *4.

The Court acknowledges that magistrate judge decisions addressing bills of particulars are disturbed only infrequently. On this record, however, and after careful deliberation, the Court concludes that the decision in this case was clear error, based on its definite and firm conviction that a mistake has been committed.

## CONCLUSION

For the reasons stated above, Judge McCarthy's Decision and Order (Dkt. 98) is **VACATED**. Defendant's motion for a bill of particulars (Dkt. 91) is **DENIED** in its entirety.

**SO ORDERED.**

Dated:   June 3, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE