IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                      21-CR-15

NICHOLAS TURNQUIST,

Defendant.

---

## PLEA AGREEMENT

The defendant, NICHOLAS TURNQUIST, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count 4 of the Superseding Indictment which charges a violation of Title 18, United States Code, Sections 2423(a) and 2423(e)(transportation and attempted transportation of a minor with the intent to engage in criminal sexual activity), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration

current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.      The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.     ELEMENTS AND FACTUAL BASIS

6.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant knowingly transported or attempted to transport an individual in interstate or foreign commerce;

   b. The individual was under 18 years of age when the transportation or attempted transportation took place; and

   c. The defendant intended that the individual engage in sexual activity for which any person can be charged with a criminal offense.

## FACTUAL BASIS

7. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. The Victim was born in June 1998. Beginning in or around 2001, and continuing through in or around 2017, the Victim's mother was in a romantic relationship with the defendant, NICHOLAS TURNQUIST. During this period, the defendant, the Victim, and her mother resided together, and the Victim was in the defendant's continuous custody, care, and supervisory control. In or about 2012, the defendant began to sexually abuse the Victim, including engaging in sexual intercourse with the Victim. The sexual abuse occurred in the State of New York and in other states including Pennsylvania.

   b. On or about December 23, 2014, in the Western District of New York, the defendant did knowingly transport the Victim, a then 16-year-old minor female, in interstate commerce from New York to Pennsylvania, with the intent that Victim engage in sexual activity for which any person could be charged with a criminal offense.

   c. To facilitate the crime, on December 19, 2014, the then 29-year old defendant, reserved and paid for a hotel reservation at the Holiday Inn Express & Suites and purchased passes for Splash Lagoon both located in Erie, Pennsylvania. On or about December 23, 2014, the defendant transported Victim, together with her two minor half-sisters, to the Splash Lagoon and Holiday Inn Express & Suite, located in Erie, Pennsylvania. During the trip and while in the State of Pennsylvania, the defendant engaged in sexual intercourse with Victim.

   d. It is a violation of Pennsylvania Consolidated Statutes, Section 6301(1)(a)(i)(ii), Corruption of minors, that whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime . . . commits a misdemeanor of the first degree. It is also a violation of Pennsylvania Consolidated Statues, Section 6301(1)(a)(ii) that whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age commits a felony of the third degree. The defendant admits that he violated the above-referenced laws by engaging in sexual intercourse with the Victim on or about December 23, 2014 while in the State of Pennsylvania.

    e.  The defendant further admits that between in or about 2013 and June 2016, before the Victim turned 18-years-old, the defendant knowingly transported the Victim to various states with the intent that Victim engage in sexual activity with him. The defendant acknowledges that during these trips, he engaged in sexual activity with the Victim that violated the laws of the states in which the acts were committed.

### III.  SENTENCING GUIDELINES

8.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.  The government and the defendant agree that Guidelines § 2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of 28.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.  The government and the defendant agree that the following specific offense characteristics do apply:

    a.  the 2-level increase pursuant to Guidelines § 2G1.3(b)(1) [the defendant was a parent, relative, or legal guardian and/or the minor was in his custody, care, or supervisory control];

    b.  the 2-level increase pursuant to Guidelines § 2G1.3(b)(4)(A) [the crime involved the commission of a sex act or sexual contact].

## U.S.S.G. CHAPTER 4 ADJUSTMENT

11. The government and the defendant agree that the following adjustment to the base offense level does apply:

   a. the 5-level increase pursuant to Guidelines § 4B1.5(b)(1) [the defendant's instant offense is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct].

## ADJUSTED OFFENSE LEVEL

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 37.

## ACCEPTANCE OF RESPONSIBILITY

13. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further aggress to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 34.

## CRIMINAL HISTORY CATEGORY

14. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15. It is the understanding of the government and the defendant that, with a total offense level of 34 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **151** to **188** months, a fine of $35,000 to $250,000, and a period of supervised release of 5 to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

16. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a **156-month term of imprisonment** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

17. The defendant understands that except as set forth in ¶ 16, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and

the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

18.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

19.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     REMOVAL

20.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

21. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment; and

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

22. At sentencing, the government will move to dismiss the open counts of the Superseding Indictment in this action.

23. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

24. Pursuant to Title 18, United States Code, Section 3663(a)(3), Title 18, United States Code, Section 3663A(a)(3), Title 18, United States Code, Section 3664 and Title 18, United States Code, Section 2429, the defendant agrees to make full restitution to all minor

9

victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

25.    The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

26.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the

defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

27.   The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

28.   The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

29. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

30. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

31. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VIII.   APPEAL RIGHTS

32. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's

sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

33. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

34. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.   ABANDONMENT

35. The defendant agrees to voluntarily abandon all computers and cellular phones (hereinafter the "electronic devices") which were seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in the electronic devices. The defendant specifically agrees to voluntarily abandon all of the electronic devices seized on April 1, 2020, from the defendant's residence, located at ~~1314~~ Reading Road, West Falls, New York.

1814

*N.T.*

13

36. The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of the electronic equipment. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the electronic equipment and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the electronic equipment.

37. The defendant further understands that the United States and any law enforcement agency acting on behalf of the United States, to wit: the Federal Bureau of Investigation, and/or any other duly authorized federal agency, may in its discretion, destroy the electronic equipment.

38. The defendant agrees that the electronic equipment is subject to abandonment and agrees to waive all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the abandonment of the electronic equipment.

39. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for abandonment and disposition of the electronic equipment survives and shall be given full force and effect.

## X. CIVIL ACTION

40. Defendant waives and agrees not to assert in any civil lawsuit arising from the conduct which gave rise to the criminal charges that are the subject of this plea any defense based on the double jeopardy or excessive fines clauses of the Constitution.

## XI. TOTAL AGREEMENT AND AFFIRMATIONS

41. This plea agreement represents the total agreement between the defendant, **NICHOLAS TURNQUIST.**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
MAEVE E. HUGGINS
Assistant United States Attorney

Dated: July 6, 2022

BY: _____
PAUL E. BONANNO
Assistant United States Attorney

Dated: July 6, 2022

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Robert C. Singer, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
NICHOLAS TURNQUIST
Defendant

Dated: July 6, 2022

_____
ROBERT C. SINGER, ESQ.
Attorney for the Defendant

Dated: July 6, 2022

16