IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.               21-CR-15-JLS

NICHOLAS TURNQUIST,

   Defendant.

---

### GOVERNMENT'S STATEMENT WITH RESPECT TO SENTENCING FACTORS AND SENTENCING MEMORANDUM

  THE UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Assistant United States Attorneys, Maeve E. Huggins and Paul E. Bonanno, files this Statement With Respect To Sentencing Factors and Sentencing Memorandum.

### PRELIMINARY STATEMENT

  On July 6, 2022, the defendant, NICHOLAS TURNQUIST, appeared before this Court and pleaded guilty to Count 3 of the Superseding Indictment which charges a violation of Title 18, United States Code, Sections 2423(a) and 2423(e) (transportation and attempted transportation of a minor with the intent to engage in criminal sexual activity).

  As set forth in the Plea Agreement (Doc. 160), the government and defendant calculated a sentencing guideline offense level of thirty-four (34) after the application of all adjustments.  Thus, with a criminal history category of I, the resulting sentencing guideline range of imprisonment anticipated by the plea agreement was 151 to 188 months, a fine range

of $35,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding these calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a 156-month term of imprisonment as a part of the appropriate sentence in this case.

## STATEMENT WITH RESPECT TO SENTENCING FACTORS

The government hereby adopts all of the findings of the Presentence Investigation Report ("PSR") (Doc. 167) with respect to sentencing factors in this action.

## STATEMENT OF FACTS

The government concurs with and relies on the detailed statement of facts set forth in the PSR. The government notes, however, the following errors contained in paragraphs 91 through 92: The government is aware that the defendant's wife, Carly Turnquist (formerly Bunce) was convicted of Attempted Witness Tampering in the Third Degree, in violation of New York Penal Law §110/215.11(01), on December 6, 2021, and Aggravated Driving while Intoxicated with a Child, in violation of New York Vehicle & Traffic Law §1192(2-a)(b), on March 17, 2022. *Compare* Doc. 167 ¶ 91. As to Amanda Turnquist (formerly Stromecki), the government does not believe that she was arrested for tampering with a witness. *Id*. ¶ 92.

## APPLICABLE LAW

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct,

protect the public from further crimes of the defendant, and provide the defendant with correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

In determining an appropriate sentence, the Court must first correctly calculate the applicable Guidelines range. *See Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.* While the Guidelines are advisory, an error in determining the applicable Guidelines range could render a sentence unreasonable on appellate review. *See United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005).

After providing the parties an opportunity to argue for a sentence they deem appropriate, the Court must "consider all the §3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50. In determining whether the § 3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." *Id.* at 50. To that end, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

Finally, after determining the sentence, the Court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for

exercising his own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

## **DISCUSSION**

Defendant's conduct warrants a substantial term of imprisonment. As set forth in the Plea Agreement and the PSR, the victim was a minor female in the defendant's custody and care. In 2001, just three years after the victim was born, the defendant began a relationship with the victim's biological mother, whom he eventually married. As the victim grew up, the defendant helped raise her. The victim viewed the defendant as a parent and relied on him to take care of her. Instead, beginning when the victim was about 13 years old, and not long after she was seriously injured in a car accident, the defendant began to prey on her. He began by touching her in a sexual manner when they were home alone and eventually progressed to having sexual intercourse with her. The defendant hid this conduct from the victim's biological mother by committing the abuse while she was away at work. He also hid this conduct from the victim's mother by taking the victim on overnight trips out of town, where he could spend the night in a hotel room with the victim and have sexual intercourse with her. As set forth in the Plea Agreement, the defendant took the victim on repeated trips out of state while she was a minor so that he could engage in illegal sexual activity with her. By committing the abuse out of town or while the victim's mother was at work, the defendant was able to keep the abuse hidden and persist in his predatory conduct over the course of several years. Defendant's years-long sexual exploitation of a child entrusted to his care deserves a substantial punishment that is proportionate to the seriousness of the offense, provides just punishment, and affords adequate deterrence.

**CONCLUSION**

Based on the above facts, and given the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence, a sentence of 156 months in prison, as contemplated by the Plea Agreement, would be sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553.

DATED: Buffalo, New York, October 7, 2022.

        TRINI E. ROSS
        United States Attorney

BY:   s/ MAEVE E. HUGGINS
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5872
       Maeve.Huggins@usdoj.gov

       and

       s/ PAUL E. BONANNO
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5873
       Paul.Bonanno@usdoj.gov