UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                  Case No. 21-CR-15-JLS

NICHOLAS TURNQUIST,

        Defendant.

## DEFENDANT NICHOLAS TURNQUIST'S
## STATEMENT WITH RESPECT TO SENTENCING FACTORS & OBJECTIONS

        Mr. Turnquist and his counsel have reviewed the draft presentence report (ECF 167) prepared by Officer Lisa Ferraro, USPO-WDNY (the "PSR"). There were objections that counsel discussed with Officer Ferraro and AUSA Bonanno prior to this submission. The parties were able to resolve the majority of the defense objections and corrections.

        The defense has one objection to raise with the Court. On page 24, the PSR proposes in Special Condition #3 that the defendant no have contact with "children," excluding his own biological children. As the PSR notes, the defendant's wife, Carly Turnquist, has two minor children. *See* PSR at ¶91. The defense requested that the PSR be amended to include Carly Turnquist's children. The defense made this request because Mr. Turnquist has a relationship with these children and will be living with Carly Turnquist upon his release. As a result, it made sense to the defense for Mr. Turnquist not to have to seek prior approval of USPO to reside with these children. The defense proposed amendment of the condition as follows (additions in blue underline):

Page **1** of **3**

>The defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children <u>and the biological children of his wife, Carly Turnquist,</u> unless approved by the probation officer or by the Court. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by children under the age of 18. The Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance from the Probation Office or alternatively from the Court. (This condition serves the statutory sentencing purposes of public protection and rehabilitation. 18 U.S.C. §3553(a)(2)(C) and (D)).

USPO did not agree to this change. As a result, Mr. Turnquist respectfully objects to Special Condition #3 as proposed.

>Other than the items mentioned above, the defense adopts the findings in the PSR.

>Mr. Turnquist respectfully requests that the Court advise him about all information

which it will consider in imposing sentence which negatively impacts on the defendant and about which the defendant has no prior notice from the presentence report, including, but not limited to, *ex parte* communications with United States Probation Officers and victims. *See generally United States v. Mueller*, 168 F.3d 186 (5th Cir. 1999); *United States v. Corace*, 146 F.3d 51 (2d Cir. 1998); *United States v. Rivera*, 96 F.3d 41 (2d Cir. 1996).

Dated:   October 7, 2022
         Williamsville, NY

                **SINGER LEGAL PLLC**
                *Attorneys for Defendant Nicholas Turnquist*

                By:   s/ Robert C. Singer, Esq.
                    Robert C. Singer, Esq.
                    80 East Spring Street
                    Williamsville, New York 14221
                    (716) 222-3288
                    rob@singerlegalpllc.com

**TO:** **United States Attorney's Office**
**for the Western District of New York**
*Counsel for Plaintiff United States of America*
Maeve Huggins, Esq.
Paul Bonanno, Esq.
138 Delaware Avenue
Buffalo, New York  14202
(716) 843-5700